**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **MICHAEL SATTARI**, | No. 10-17433 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00768-KJD-PAL |
| v. | |
| **WASHINGTON MUTUAL, a Washington corporation**, | **MEMORANDUM**[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submission Deferred August 10, 2011
Submitted December 23, 2011
San Francisco, California

Before:    **KOZINSKI**, Chief Judge, **O'SCANNLAIN** and **GRABER**, Circuit
Judges.

Sattari mistakenly referenced California statutes rather than Nevada statutes

throughout his complaint.  Because Sattari was a pro se litigant when he wrote the

complaint, we construe it liberally to infer that he meant to reference Nevada law.

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted).

Sattari claims the bank engaged in unfair business practices. Under the Nevada Deceptive Trade Practices Act (NDTPA), "[a]n action may be brought by any person who is a victim of consumer fraud." Nev. Rev. Stat. § 41.600(1). A claim under the NDTPA requires a "victim of consumer fraud to prove that (1) an act of consumer fraud by the defendant (2) caused (3) damage to the plaintiff." Picus v. Wal-Mart Stores, Inc., 256 F.R.D. 651, 658 (D. Nev. 2009) (order). Consumer fraud encompasses deceptive practices, such as "[k]nowingly mak[ing a] . . . false representation in a transaction." Nev. Rev. Stat. § 598.0915(15). Sattari does not raise a genuine issue of material fact that would show that the bank made a false representation, so this claim fails.

Sattari mentions wrongful foreclosure and emotional distress in his brief, but doesn't "specifically and distinctly" argue these claims. Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir. 1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."). We require a brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on

which the appellant relies." Fed. R. App. P. 28(a)(9)(A). Sattari provides neither any argument nor supporting authority. Therefore, he has waived any claims based on wrongful foreclosure and emotional distress.

**AFFIRMED**.